UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 13-21718-CIV-ALTONAGA/O'SULLIVAN

BANK OF AMERICA, N.A.,

    Plaintiff/Counter-Defendant,
vs.

GREC HOMES IX, LLC; et al.,

    Defendants/Counter-Plaintiffs.

## CLAWBACK ORDER

Pursuant to Federal Rules of Evidence 502(d) and (e), and the stipulation of the parties that the following Clawback Order ("Order") shall be entered in the above-captioned case on a temporary basis only, until such time as the Court can schedule a mutually convenient hearing date, to consider 1) the need for such an Order and/or 2) the terms thereof and to facilitate Plaintiff's ability to timely comply with production that is due to Defendants by Friday April 11th. The entry shall not be deemed an acceptance or waiver by any party of objections to the entry of the Order or any of its terms. The Order is being entered on a temporary basis only to protect certain privileged or otherwise protected documents and electronically stored information (collectively, "document" or "documents") against claims of waiver until the Court can consider this matter in the event they are produced during the course of this litigation, whether pursuant to an order, a party's discovery request, or informal production. Large volumes of documents are being produced in this case and, to comply with discovery deadlines, the parties wish to complete discovery as expeditiously as possible, while preserving and not waiving any evidentiary protections or claims of privileges or confidentiality applicable to the information

that may be contained in the produced documents. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The production of any document that contains privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or evidentiary protection for the document or for the subject matter of the document, including, but not limited to, any claims based on the attorney-client privilege or the work product doctrine, or any claims of confidentiality pursuant to the Confidentiality Order entered in this case [ECF No. 99] (collectively, "Protected Information"). Any production of documents shall be without prejudice to the producing party's right to claim that the documents contain Protected Information, and the producing party shall not be held to have waived its rights by such production. The producing party shall not be required to prove that the production was inadvertent, that it took reasonable steps to prevent disclosure of the Protected Information, that it took reasonable steps to rectify the error, or that it acted promptly to rectify the disclosure. Moreover, the mere production of documents containing Protected Information without further use of that Protected Information in testimony, at trial, or on any motion other than a motion to compel as contemplated by this Order, shall not be deemed "intentional" pursuant to Federal Rule of Evidence 502(a)(1).

2. If the receiving party reviews any document that on its face appears to contain Protected Information, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it may contain Protected Information; (b) immediately notify the producing party in writing that it has discovered a document that may contain Protected Information identifying the document by Bates number; and (c) treat the document as a Recalled Document (defined below) and return it in accordance with this Order, within ten (10) business days of discovery. Notwithstanding the foregoing, the receiving party is under no

obligation to review the producing party's documents to identify any Protected Information.

3. A producing party may seek the return of any document ("Recalled Document") produced in this action that the party later claims should have been withheld on the grounds that it contains Protected Information by providing written notice, or oral notice if delivered on the record at a deposition ("Notice of Recall"), within ten (10) business days of discovery. Upon receiving a Notice of Recall, the receiving party must promptly return the Recalled Document and any hard and electronic copies, along with any notes, abstracts, or compilations of the content of the Recalled Document, within ten (10) business days of its receipt of the Notice of Recall. Electronic copies of a Recalled Document shall be removed from the receiving party's electronic systems, removable media, and any review databases and the receiving party shall so certify in writing to the producing party. The receiving party shall be responsible for taking reasonable steps to retrieve all copies of a Recalled Document, including those disseminated to others, and shall certify in writing to the producing party that all copies have been returned. While the return of a Recalled Document is pending the receiving party shall not review, disclose, or otherwise use the document or the Protected Information. Contemporaneous with serving a Notice of Recall, the producing party shall serve an updated privilege log for the Recalled Document pursuant to the Local Rules of this Court.

4. Nothing in this Order shall prevent a receiving party from applying to the Court to challenge a producing party's claim with respect to any Recalled Document and in such instance the producing party shall make any challenged documents available for *in camera* review by the Court. In the event of a challenge, the producing party shall have the burden of establishing the privileged nature of the Protected Information.

5. The receiving party may not use or disclose the Protected Information contained

in a Recalled Document, and to the extent that the Protected Information contained in a Recalled Document has already been used in or described in other documents generated or maintained by the receiving party the receiving party may not use those other documents either, unless and until a challenge is made to the producing party's claim and the Court resolves the challenge in the receiving party's favor, after the expiration of any rehearing and appeal periods.

6. The receiving party's return of a Recalled Document as provided in this Order shall not act as a waiver of the receiving party's right to move for the production of the Recalled Document on the grounds that the document is not in fact subject to a viable claim of privilege or evidentiary protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this case acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the Protected Information was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the Protected Information, or that the producing party failed to take reasonable steps to rectify the error as set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The producing party need make no showing with respect to measures taken to prevent the inadvertent production of the documents in question in order to be entitled to their return.

7. This Order shall be not be used to require a producing party to disclose or produce Protected Information without the opportunity to review such information prior to production.

**DONE AND ORDERED** in Miami, Florida this 10 day of April, 2014.

JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

cc: counsel of record

4